UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KARI ANDERSON, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>MONTANA DEPARTMENT OF PUBLIC HEALTH AND HUMAN SERVICES, et al.,<br><br>    Defendants. | Case No. CV 20-77-BLG-SPW-TJC<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties have jointly moved this Court to enter a stipulated protective order regulating dissemination of materials pertaining to confidential state court dependent/neglect proceedings and other materials in which the Plaintiffs or non-parties have an expectation of privacy. The Court concludes the motion should be granted.

THEREFORE, IT IS ORDERED that the parties shall abide by the following protective order:

1. A party may mark as CONFIDENTIAL any documents, tangible things, or information it discloses or produces that consists of the following:

   a. materials subject to the confidentiality provisions of Mont. Code Ann. § 41-3-205;

   b. materials constituting confidential criminal justice information under Mont. Code Ann. §§ 44-5-103 and 44-5-303;

   c. materials that individually identify a child under the age of 18; and

   d. materials or information that otherwise implicates an individual's (including parties and nonparties) legitimate expectation of privacy.

2. Materials marked CONFIDENTIAL may only be disclosed to:

   a. the Court and any staff assisting the Court on this matter;

   b. The parties in this matter and their attorneys of record;

   c. Persons assisting counsel, including support staff, paralegals, investigators, and supervisors;

   d. Experts and consultants retained by either party to provide services related to this matter;

      e.    Vendors retained by counsel to provide services related to this matter (e.g., vendors providing document copying, exhibit production, or discovery management services);

      f.    court reporters;

      g.    jurors in any trial held in this matter; and

      h.    DPHHS's in-house legal counsel and staff, and other DPHHS employees who otherwise would be permitted access to the materials under current law and existing policies.

3.    CONFIDENTIAL materials shall only be disclosed to the extent reasonably necessary to enable counsel to perform their functions or for such other persons listed in paragraphs 2(c), (d), and (e) to assist or supervise counsel. Materials designated CONFIDENTIAL may only be used, disclosed, or disseminated for the purposes of this litigation and subject to the provisions of this Order.

4.    Persons receiving CONFIDENTIAL materials pursuant to this Order may not further disseminate materials except as expressly allowed by this Order or with express permission by this Court. Persons receiving CONFIDENTIAL materials pursuant to paragraphs discovery under paragraphs 2(c), (d), and (e) of this Order, shall return the materials to counsel for the disclosing party upon final conclusion of the litigation and destroy any copies.

5. Counsel for the party receiving CONFIDENTIAL material is responsible for supervising compliance of this order by any person to whom these materials are further disseminated pursuant to paragraphs 2(c), (d), and (e) of this Order. Counsel shall provide a copy of this Order to any such person(s) receiving CONFIDENTIAL materials and require those persons to acknowledge in writing that they have read this Order and will comply with it. Counsel shall maintain custody of any written acknowledgments.

6. The parties shall maintain CONFIDENTIAL materials in a manner where physical and electronic access is restricted to individuals identified in paragraph (2) of this Order. The parties shall take all steps reasonably necessary to maintain the confidentiality of materials designated CONFIDENTIAL.

7. If any party wishes to disclose CONFIDENTIAL materials to any person not expressly authorized to receive it by this Order, permission must be requested from the other parties in writing and served on their counsel. Prior to disclosure, each person to whom the requesting party wishes to disclose CONFIDENTIAL material must agree to be bound by the provisions of this Order and execute a written confidentiality acknowledgment and provide a copy to all parties. If any non-requesting party objects within 10 days of receiving a request for permission, no disclosure shall be made unless, upon motion, this Court orders otherwise.

8. If a party uses CONFIDENTIAL materials at any pretrial hearing before the Court or in any deposition, the party must advise the court reporter transcribing the proceedings accordingly. Only the witness and the witness's counsel (provided both have executed a confidentiality acknowledgment if required by this Order) and any other persons authorized to access such CONFIDENTIAL material may attend, receive video feeds of, or review the transcripts of those portions of the proceeding where CONFIDENTIAL material is discussed. Within 30 days of receipt of a deposition transcript, any party may designate portions of the transcript as CONFIDENTIAL according to the requirements set forth in paragraph 1 of this Order.

9. If a party files CONFIDENTIAL material with the Court, the portions of such filings that are so designated must be conspicuously marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and filed under seal.

10. A party may, at any time after the disclosure of CONFIDENTIAL material, object to the designation as such by notifying the producing party in writing, served on their counsel, of the objection and specifying the materials to which objection is made. The objecting party shall, within 14 days of service, attempt to confer with the producing party concerning the objection. If the objection is not resolved, the objecting party, may, within 14 days, file with the Court and serve on the producing party a motion to resolve the dispute over

designation. The producing party bears the burden to prove on a particularized document-by-document or category-by-category basis why the confidentiality designation is justified.

11.     This Order does not affect any party's rights to use or disclose information independently acquired outside these proceedings and outside discovery. This Order does not affect any party's rights to move this Court for an order permitting disclosure of CONFIDENTIAL material other than as provided by this Order.  This Order does not preclude any party from seeking further protective orders or other relief from this Court as necessary.

12.     This Order does not itself either expand or provide an independent source of authority obligating any party to produce materials to any other party beyond what is otherwise imposed by law. This Order is not an agreement by any party to waive any objections it may have to any discovery request, nor is it an agreement to waive any privilege or other basis for withholding any document or information. It specifically does not constitute an agreement by any party to produce materials that are subject to any valid objection to disclosure or that would violate the attorney-client privilege or work-product doctrine.

/ / /

/ / /

13. The obligations of this Order shall survive termination of these proceedings and shall remain in effect except as otherwise expressly ordered by this Court.

**IT IS ORDERED.**

DATED this 25th day of September, 2020.

_____
Timothy J. Cavan
United States Magistrate Judge