Ross T. Johnson
ODEGAARD KOVACICH SNIPES, P.C.
P.O. Box 2325
Great Falls, MT  59403
(406) 222-2222
ross@mtlawyers.com

Gale R. Gustafson
Daniel T. Jones
GUSTAFSON LAW OFFICES
400 South Main Street, Suite 101
Conrad, MT 59425
(406) 278-7521
gustafsn@3rivers.net
djones@glo.law

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

———————————————————————

| | |
|---|---|
| KARI ANDERSON, for herself and on behalf of her minor child, L.A., and MAKAYLA ANDERSON, ) ) ) ) | CAUSE NO. CV-20-77-SPW-TJC |
|          Plaintiffs, ) ) | |
| vs. ) ) | **AMENDED COMPLAINT AND JURY DEMAND** |
| STATE OF MONTANA, by and through the MONTANA DEPARTMENT OF PUBLIC HEALTH AND HUMAN SERVICES, ) ) ) ) ) | |
|          Defendant. ) | |

———————————————————————

COME NOW Plaintiffs, demanding trial by jury, and for their complaint against Defendant, allege as follows:

## PARTIES

### 1.

The actions of the State of Montana at issue here were actions taken in the course and scope of authority granted solely to the State of Montana and prescribed by the law, regulations, and policies of the State of Montana, and all such actions occurred in the State of Montana.

### 2.

Defendant, State of Montana, by and through the Montana Department of Public Health and Human Services ("DPHHS"), is responsible for protecting children who have been abused or are at risk of abuse.

### 3.

Plaintiffs are all residents of the State of Montana. Plaintiff Kari Anderson ("Kari) is the biological mother of Makayla Anderson and minor child L.A. Kari's ex-husband, Mike Anderson ("Mike"), is the biological father of J.A., M.A., and L.A.

### 4.

Plaintiffs seek damages in excess of $75,000.

## GENERAL ALLEGATIONS

**5.**

From July 12, 2008, to May 25, 2021, Kari and Mike were married. Prior to the marriage, Mike had two children, J.A. and M.A. Prior to the marriage, Kari had one child, Makayla. Together, Mike and Kari are the parents of L.A.

**6.**

On November 30, 2014, Mike wrecked his vehicle with M.A., MaKayla, and J.A. in it. As a result, Mike was charged and plead guilty to felony criminal endangerment and misdemeanor driving under the influence. Kari was not present at the time of the wreck.

**7.**

Following the wreck, Montana DPHHS and its division of Child Protective Services ("CPS") intervened in the care of the children being raised by Mike and Kari.

**8.**

Kari welcomed the assistance from DPHHS, as M.A. struggled with mental health issues.

**9.**

DPHHS employee Jacqui Poe ("Jacqui") became the agent overseeing the Anderson family.

**10.**

On or about April 2, 2015, Kari discovered a "rape key" created by M.A.  The "rape key" was a hand written step-by-step set of instructions detailing how he was going to capture, rape, and murder his step-sister Makayla and half-sister L.A.

**11.**

Kari immediately contacted DPHHS to report this concerning issue and seek help with regard to this deeply concerning behavior.  Kari assumed the department would help her, given its purpose of "Keeping Children Safe and Families Strong."

**12.**

Kari also informed DPHHS, on numerous occasions, that M.A. suffered from Reactive Attachment Disorder and Oppositional Defiant Disorder.  Reactive Attachment Disorder is a serious and rare disorder that inhibits children from establishing lasting, healthy bonds with parents or caregivers.  Oppositional Defiant Disorder is a behavioral disorder that results in children acting uncooperative, defiant, and hostile towards peers, parents, and caregivers.

**13.**

DPHHS did not act with haste, and instead scheduled a family engagement meeting for almost one month later.  On April 30, 2015, Kari, Mike, Jacqui, Joe Albro (Family Engagement Facilitator), Hettie Wortelboer (child therapist), and Lisa

Macameo had a family engagement meeting.  Jacqui did not bring the rape key to the

meeting because she lost it.

### 14.

At the April 30, 2015, meeting, DPHHS assured Mike and Kari that M.A.'s

rape key was normal behavior for an 11 year-old and assured them there was "no

cause for concern."

### 15.

Nine days later, on May 9, 2015, M.A. raped, at knife point, his younger

brother, J.A. and his 4 year-old half sister, L.A.  M.A. attempted to rape his half-sister

Makayla thereafter.

### 16.

According to DPHHS, "the child's safety is [its] paramount concern."

### 17.

According to DPHHS, a child's safety "takes precedence over all other

decisions surrounding child protection services."

### 18.

The State of Montana, through the DPHHS, had a duty to protect L.A. from

child abuse.

**19.**

The State of Montana, through the DPHHS, had a duty to determine whether L.A. was safe.

**20.**

The State of Montana, through the DPHHS, had a duty to develop and implement a safety plan for L.A.

**21.**

As a result of the failures of DPHHS to act reasonably and in accordance with Montana's child abuse and neglect statutes, L.A. remained under threat of imminent abuse from M.A.

**22.**

The State of Montana caused L.A. to suffer preventable abuse that has resulted in horrific physical injury, emotional distress, pain and suffering, and substantial expense for medical care and treatment.

**23.**

As a result of DPHHS's negligent and reckless conduct, Plaintiffs suffered extreme harm and damages.

## POST-ASSAULT CONDUCT OF DPHHS

### 24.

Instead of taking responsibility for the situation, DPHHS blamed Kari. DPHHS told Kari that the rapes were her fault because Kari and Mike had fought in front of the children. DPHHS than threatened Kari by giving her the choice of either signing a new "voluntary" protective services agreement whereby she admitted fault, or DPHHS would remove L.A. from Kari. Kari could not imagine her life without her children. Kari signed the agreement under coercion.

### 25.

M.A. was not charged with sex crimes for raping his youngest brother, J.A., and sexually assaulting his half-sister, L.A., until January 1, 2016.

### 26.

In April of 2016, while Kari was hospitalized from April 1-5, 2016, for elevated high blood pressure (210/110), serious depletion of white blood cells, uncontrollable nausea, and lethargy, DPHHS repeatedly called the hospital to demand that Kari move from Livingston, Montana, by April 20, 2016, or it would file a Youth in Need of Care Petition against Kari as well as request temporary legal custody of Kari's minor children. DPHHS's demand eventually caused Kari to be away from her minor child, MaKayla, who was attending high school in Livingston, because

DPHHS ordered Kari to move to Belgrade, Montana, for supervision or else she would take L.A. away from Kari.

### 27.

On April 6, 2016, DPHHS filed a Youth In Need of Care Petition against Kari and requested temporary legal custody of Kari's minor children…particularly her youngest daughter, L.A. The basis for the petition was unfounded and predicated upon false allegations that Kari sexually abused M.A., in an attempt to shift blame away from DPHHS and towards Kari. DPHHS further initiated unfounded, serious, and repulsive allegations against Kari which led to her prosecution.

### 28.

DPHHS engaged in a series of repeated misconduct in an attempt to shift blame away from DPHHS and onto Kari. In doing so, DPHHS caused significant harm to the Anderson family, including Plaintiffs.

### 29.

Following the dismissal of Kari's criminal case, the DOJ Ombudsman, Traci L. Shinabarger, made findings that DPHHS continued to mislead the Youth In Need of Care Court and that DPHHS set arbitrary and unreasonable expectations upon Kari.

**30.**

Notably, Ombudsman Shinabarger found twice, on December 12, 2017, and July 20, 2018, that DPHHS violated §§ 41-3-102, 41-2-423, 41-3-422, MCA; and Child & Family Services Division Policies 301-1, 303-1, and 402-5.

**31.**

DPHHS continued to engage in a series of repeated misconduct in an attempt to shift blame away from DPHHS and onto Kari.  In doing so, DPHHS caused significant harm to the Anderson family, including Plaintiffs.

## FIRST CAUSE OF ACTION

### (Negligence Against State of Montana and DPHHS)

**32.**

Plaintiffs re-allege and incorporate all of the preceding paragraphs as though fully set forth herein.

**33.**

The State, through DPHHS, was obligated to comply with the Child Abuse and Neglect Statutes, §§ 41-3-101 through 41-3-1213, MCA. Under the provisions of the Child Abuse and Neglect Statutes, DPHHS has the duty of assessing and investigating child abuse and neglect as well as the duty to place children in protective care.

**34.**

The State, through DPHHS, owed duties to Plaintiffs, including a duty to act with reasonable care when interacting with Plaintiffs and their family.

**35.**

The State, through DPHHS, owed a duty to Plaintiffs to train, supervise, and oversee DPHHS employees with respect to the proper and/or appropriate conduct, actions, and ensure performance of duties in a manner free from negligence with respect to Plaintiffs.

**36.**

DPHHS breached its duties and acted with reckless disregard of the consequences of the lives of Plaintiffs.  DPHHS' actions and inaction demonstrated a substantial lack of concern for whether injuries resulted to Plaintiffs.

**37.**

DPHHS breached its duties and failed to protect L.A. from sexual violence, causing her significant physical and emotional injuries and damages.

**38.**

DPHHS breached its duties to Kari and Makayla, causing them significant injuries and damages including, but not limited to, familial separation and attendant serious mental distress and anguish.

## SECOND CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

### 39.

Plaintiffs re-allege and incorporate all of the preceding paragraphs as though fully set forth herein.

### 40.

Defendant owed Plaintiffs duties to act reasonably and in accordance with Montana law when investigating, assessing, and working with the Anderson family.

### 41.

Serious or severe emotional distress to Plaintiffs was the reasonably foreseeable consequence of Defendant's negligent acts and omissions.

### 42.

Defendant breached their duties to Plaintiffs. As a result of Defendant's negligence, Plaintiffs sustained serious and severe emotional distress and damages.

## THIRD CAUSE OF ACTION

### (Malicious Prosecution)

### 43.

Plaintiffs re-allege and incorporate all of the preceding paragraphs as though fully set forth herein.

**44.**

Kari was charged with felony criminal sexual assault against her stepson, M.A., and Kari was arrested for the same.

**45.**

DPHHS was responsible for instigating and continuing the proceedings against Kari.

**46.**

DPHHS lacked probable cause for instigating and continuing the unfounded allegations against Kari.

**47.**

DPHHS was actuated by malice in instigating and supporting the continued prosecution of Kari.

**48.**

The felony criminal assault proceeding terminated in favor of Kari.

**49.**

As a result of DPHHS' actions in instigating and supporting the unfounded allegations against Kari, she sustained significant emotional, reputational, and economic damages including, but not limited to, unjust tarnishment of her character and inability to obtain and retain gainful employment due to the allegations leveled against her.

## DAMAGES

**50.**

As a result of Defendant's actions and inactions as pled herein, Plaintiffs suffered significant damages. L.A. was forcibly raped, Makayla was sexually assaulted, and both endured horrific physical and psychological trauma and damages. This incident, and the retaliatory actions by DPHHS that followed, caused immense emotional trauma and damages upon the Anderson family, including all Plaintiffs.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment against Defendant as follows:

1. Plaintiffs request judgment against the State of Montana, with an award for all compensatory damages, costs, interest, pre-judgment interest, and for any other relief this Court deems proper and just.

DATED this 22nd day of February, 2022.

ODEGAARD KOVACICH SNIPES, P.C.
and
GUSTAFSON LAW OFFICES

By:  /s/ Ross T. Johnson
        Ross T. Johnson
        P.O. Box 2325
        Great Falls, MT  59403
        Attorneys for Plaintiffs