Ross T. Johnson
Shelby B. Stover
KOVACICH SNIPES JOHNSON, P.C.
P.O. Box 2325
Great Falls, MT  59403
(406) 761-5595
ross@justicemt.com
shelby@justicemt.com

Gale R. Gustafson
Daniel T. Jones
GUSTAFSON LAW OFFICES
400 South Main Street, Suite 101
Conrad, MT 59425
(406) 278-7521
gustafsn@3rivers.net
djones@glo.law

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KARI ANDERSON, et al., | CAUSE NO. CV-20-77-SPW-TJC |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' BRIEF OPPOSING THE STATE OF MONTANA'S MOTION *IN LIMINE* — EXPERT WITNESS OPINION OF NICOL STOLAR-PETERSON** |
| STATE OF MONTANA, by and through the MONTANA DEPARTMENT OF PUBLIC HEALTH AND HUMAN SERVICES, | |
| Defendant. | |

# INTRODUCTION

Defendant, State of Montana, by and through the Montana Department of Public Health and Human Services and more specifically the Child and Family Services Division's ("CFSD"), filed a motion to preclude Plaintiffs' expert Nicol Stolar-Peterson from testifying on certain matters. For the reasons herein, CFSD's motion is over broad, undefined, and seeks to exclude relevant and proper opinions. It should not be granted.

# FACTS

Pursuant to the Court's Scheduling Order, on February 24, 2023, Plaintiff disclosed liability expert Nicol Stolar-Peterson to testify concerning "the actions and inactions of DPHHS, the social workers it employed, the child protection specialists it employed, and the child protection specialist supervisors it employed who were involved in the Anderson matter." See Plaintiffs' Expert Witness Disclosure, attached as Ex. 1. Ms. Stolar-Peterson is also expected to offer opinions regarding:

> DPHHS' failure to take appropriate action to ensure the safety of the Anderson children in the home, given the facts and circumstances, including that DPHHS knew or should have known that the children were in danger of harm. DPHHS failed to act reasonably to prevent dangerous and inappropriate activity between MA and his siblings.

Id.

In addition to the above disclosure, she provided a 17 page report which sets forth her opinions in greater detail. See CFSD's Brief, Doc. 120, Exhibit 1. Ms.

Stolar-Peterson is a licensed clinical social worker with experience working as a caseworker for child protective services, and has completed over 1,000 child abuse investigations. Ex. 1 pp. 2-3. She has also participated in multiple evaluations, placements, and removals. Id. Therein, Ms. Stolar-Peterson sets out a detailed factual accounting for how CFSD failed to safeguard the Anderson children from a well known harm to which the Anderson parents could not protect them against. In so doing, she performed an extensive review of "applicable statutes, regulations, policies and procedures" specifically concerning Montana CFSD. Ex. 1, p. 4. In addition to statutes that CFSD must follow, there are administrative regulations and rules set forth in CFSD's policy manual in effect at the time of the sexual assaults. See Doc. 111-2. CFSD and its child protection specialists must adhere to all policies and procedures included in the manual, and such policies and procedures are in place to keep children safe and families strong. Grossberg depo. p. 26. CFSD failed to disclose any expert on the issue of liability beyond its own employees, and have provided no opinions to rebut those offered by Ms. Stolar-Peterson.

Of the many opinions set forth in Ms. Stolar-Peterson's 17 page report, CFSD only identifies three of her opinions as objectionable:

1. CFSD failed to act to protect the safety of the children in the home despite having reasonable cause to suspect that the children in the home were in imminent risk of harm;

2. CFSD failed to act to protect the safety of the children in the home despite their ongoing voluntary services which could be described as less than a "band-aid" solution to the numerous and complex issues in the family...; and

3. CFSD was obligated to comply with child abuse and neglect statutes and failed to adhere to statutes and duties despite multiple opportunities to provide protection to the children L.A., J.A., and Makayla Anderson.

Doc. 120, pp. 3-4. CFSD has not taken Ms. Stolar-Peterson's deposition.

## ARGUMENT

An expert opinion "is not objectionable just because it embraces an ultimate issue." F. R. Evid. 704. "[T]he jury is entitled to have the opinion of experts on what performance could reasonably be expected..." *Frankel v. Lull Eng'g Co.*, 334 F. Supp. 913, 927 (E.D. Pa. 1971), aff'd sub nom. *Frankel v. Lull Eng'g Co., Inc.*, 470 F.2d 995 (3d Cir. 1973). As this Court has said, expert opinion only becomes objectionable when the expert takes the next step and opines on a conclusion of law. *Est. of Lefthand through Lefthand v. Tenke,* No. CV 21-114-BLG-SPW, 2022 WL 17792396, at *2 (D. Mont. Dec. 19, 2022).

As stated by CFSD in its brief, an expert should be allowed to "testify about whether [a party] followed the guidelines of her own employee handbook," but may not testify about whether such conduct constitutes "negligence." CFSD's Brief, Doc. 120, p. 2 citing *Heltborg v. Mod. Mach.*, 244 Mont. 24, 31, 795 P.2d 954, 958 (1990).

See also *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). Adherence to policy and guidelines are "factual issues of whether the [party] followed its own policies" and are admissible expert testimony. *Id.* As observed by this Court, "[t]he line between expert opinion on an ultimate issue of fact and a legal conclusion" is a "fine" line. *Lefthand* at 2. For example, it is perfectly acceptable for an expert to testify that a "defendant deviated from industry standards to support a finding of bad faith," they just cannot take the next step and "testify that he had reached a conclusion that Defendants actually acted in bad faith." *Hangarter* at 1016.

In *Lefthand*, the plaintiff's expert provided testimony supporting a factual conclusion that the defendant was driving in the middle of the road. While driving on the wrong side of the road is obviously a violation of Montana statutory law, the factual opinion that he was doing so is admissible. The line is a fine one because the expert is allowed to reach opinions that, if the jury takes them as true, would obviously necessitate a finding that the law was violated. Experts are allowed to make such determinations and present them to the jury.

In *Hangarter*, plaintiff's expert testified that defendants "deviated from industry standards" and such testimony "supported a finding that they acted in bad faith." Even further, there, the Court allowed plaintiff's expert to "rely in part on his understanding of the requirements of state law" in forming and expressing his opinion to the jury. *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir.

**PLAINTIFFS' BRIEF OPPOSING THE STATE OF MONTANA'S MOTION *IN LIMINE*-- EXPERT WITNESS OPINION OF NICOL STOLAR-PETERSON - 5**

2004).  Additionally, in reaching and expressing an opinion, an expert may refer to and rely on state law:

> A witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms.

*Hangarter* at 1017.

At trial, Plaintiffs will not step over the line and elicit testimony requiring Ms. Stolar-Peterson to determine whether CFSD violated Montana statutory law or was "negligent."  Instead, Plaintiff expects Ms. Stolar-Peterson to testify about the standards of care that apply to CFSD and its child protection specialists when caring for children who are in need of their services, including those found in CFSD's own manual, and the multitude of factual actions and inactions whereby CFSD failed to meet those standards.

As stated in the factual section, CFSD only objects to 3 different opinions contained within Ms. Stolar-Peterson's report.  The first two generally express Ms. Stolar-Peterson's opinions that CFSD failed to act despite knowing of the apparent dangers within the home.  Whether CFSD acted or not, and what knowledge CFSD had or should have had of known dangers, are factual opinions which do not provide legal conclusions.  They are admissible, just as the expert's factual opinions in

*Lefthand* were admissible. Additionally, whether CFSD had "cause to suspect that the children were in imminent risk of harm" is an opinion based on language taken directly from CFSD's own policy manual. See Doc. 111-2, pp. 9-11. Imminent or immediate danger exists where there is "consistent with a degree of certainty or inevitability that danger and severe harm are possible, even likely outcomes without intervention." Id. p. 9. Here, given Ms. Stolar-Peterson's extensive training, experience, and the facts of this case, she is of the opinion that the Anderson children were in imminent risk of harm which necessitated that the State act in accordance therewith in providing services. As reflected in the State's briefing on this issue, they disagree, and their personnel believe the danger was not as significant as Ms. Stolar-Peterson suggests and did not require more significant intervention within the home. The severity of the danger posed to the Anderson family, or whether the danger was "imminent" or "immediate" is the exact type of factual dispute where technical or specialized knowledge will help the trier of fact as intended by Fed. R. Evid. 702, especially when this factual determination requires CFSD to follow a specific protocol, which it failed to do.

Finally, CFSD takes issue with Ms. Stolar-Peterson testifying that CFSD failed to adhere to "statutes and duties despite the multiple opportunities to provide protection to the children..." With respect to Ms. Stolar-Peterson opining that CFSD failed to adhere to "statutes," Plaintiff will not elicit any such testimony. Whether or

not CFSD failed to adhere to obligations set forth in its own policies or by industry standards, and whether there were multiple opportunities to provide protection, are not conclusions of law and are admissible.

## CONCLUSION

CFSD failed to disclose any expert (aside from its employees) to testify regarding liability in this matter, and additionally failed to provide any expert to rebut Ms. Stolar-Peterson's opinions. CFSD raised no issues regarding her qualifications or her disclosure. CFSD's objections at this stage are generalized in nature, and to the extent they are not, Ms. Stolar-Peterson's opinions are admissible. To the extent CFSD's motion can be granted, it should be strictly limited to precluding opinions that CFSD was "negligent" or that CFSD "violated Montana statutory law."

DATED this 9th day of June, 2023.

> KOVACICH SNIPES JOHNSON, P.C.
> and
> GUSTAFSON LAW OFFICES
>
> By:   /s/ Ross T. Johnson
>       Ross T. Johnson
>       P.O. Box 2325
>       Great Falls, MT  59403
>       Attorneys for Plaintiffs

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), I certify that this brief is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double spaced; and the word count, calculated by WordPerfect X3, is 1,588 words, excluding caption, certificate of service, and certificate of compliance.

DATED this 9th day of June, 2023.

                                                KOVACICH SNIPES JOHNSON, P.C.
                                                and
                                                GUSTAFSON LAW OFFICES

                                                By:  /s/ Ross T. Johnson
                                                       Ross T. Johnson
                                                       P.O. Box 2325
                                                       Great Falls, MT  59403
                                                       Attorneys for Plaintiffs