IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KARI ANDERSON, for herself and on behalf of her minor child, L.A., and MAKAYLA ANDERSON, | CV 20-77-BLG-SPW |
| Plaintiffs, | ORDER |
| vs. | |
| STATE OF MONTANA, by and through the MONTANA DEPARTMENT OF PUBLIC HEALTH AND HUMAN SERVICES, | |
| Defendant. | |

Before the Court are United States Magistrate Judge Timothy Cavan's Findings and Recommendations, filed February 20, 2024. (Doc. 155). Judge Cavan recommended the Court grant in part and deny in part Defendant State of Montana, by and through the Montana Department of Public Health and Human Services' (the "Department") Motion for Summary Judgment Re: Affirmative Defenses (Doc. 117). (Doc. 155 at 50). He also recommended the Court grant in part and deny in part Plaintiffs Kari Anderson's ("Kari"), Makayla Anderson's ("Makayla"), and L.A.'s [1] Motion for Partial Summary Judgment Re: Affirmative Defenses (Doc.

_____

1. The Court refers to minors by their initials.

1

106).  (Doc. 155 at 51).  He finally recommended the Court deny Plaintiffs' Motion

for Partial Summary Judgment Re: Fault and Causation (Doc. 109).  (Doc. 155 at

51).  Both parties timely objected to Judge Cavan's Findings and Recommendations

(Docs. 156, 157).  Only Plaintiffs responded.  (Doc. 159).

## I.     Facts

Neither party objects to Judge Cavan's recitation of the facts in the record, so

the Court adopts them in full. The Court will briefly summarize the relevant facts

here.

Kari is the mother of Makayla and L.A.  (Doc. 155 at 2).  Makayla is Kari's

daughter from her first marriage, and L.A. is Kari's daughter from her marriage to

Mike Anderson ("Mike").  (*Id.*).  Mike has two other children from previous

marriages: M.A. and J.A.  (*Id.*).

Starting in August 2012, the Department "became involved" with the

Anderson family.  (*Id.* at 3).  By November 2014, at least eight reports were filed

with the Department regarding the Anderson family.  (*Id.*).  On January 25, 2015,

Jacque Poe, a child protection specialist with the Department, completed a Family

Functioning Assessment, finding that, between Kari and Mike, one or both were

violent, and one or both could not control their behavior; the children were unsafe;

and Kari and Mike lacked impulse control, did not use resources to meet basic needs,

and did not recognize threats.  (*Id.*).  In February 2015, the Department initiated an

2

in-home safety plan. (*Id.* at 3–4). Under the terms of the plan, Kari and Mike agreed to a Voluntary Protective Service Agreement that allowed the children to remain in the home with support from the Department. (*Id.*).

In March and April 2015, Kari showed Poe M.A.'s journal entries, in which he discussed his desire to have sex with his stepsister, Makayla, and M.A's handwritten "rape key"—a guide to how to rape, chain up, and kill women or girls. (*Id.* at 4). Poe did not report the rape key to her supervisor or the Department's Centralized Intake. (*Id.*). About May 9, 2015, Poe authored a case note stating that J.A. reported that M.A. used a knife to force J.A. to perform oral sex on him. (*Id.* at 5). About May 10, 2015, Poe completed a Present Danger Assessment, reporting no present danger. (*Id.*).

Following the alleged incident between M.A. and J.A., Kari left the home with L.A. and J.A. (*Id.*). About June 8, 2015, and without notifying the Department, Kari allowed M.A. to spend the night. (*Id.*). In the middle of the night, Kari found L.A. in M.A.'s room. (*Id.*). In another Family Functioning Assessment soon after the incident, the Department noted the parents had "mental health and functioning issues which impact their ability to parent," but that there were no "safety threats that cross the threshold." (*Id.*). In July 2015, L.A.'s counselor reported to the Department's Centralized Intake that L.A. had reported sexual abuse by M.A. (*Id.* at 5–6). In

August 2015, the Department closed the voluntary services for the Anderson family. (*Id.* at 6).

In January 2016, the Department received a report that Makayla disclosed that M.A. attempted to sexually assault her. (*Id.*). In April 2016, the State of Montana filed, and the Montana Sixth Judicial District Court granted, petitions seeking (1) the authority to provide emergency protective services, (2) adjudication of the respective children as youths in need of care, and (3) temporary legal custody of Makayla and L.A. (*Id.* at 6). The court eventually dismissed the cases as to Makayla and L.A. (*Id.*).

Plaintiffs brought this action against the Montana Department of Public Health and Human Services, the State of Montana, Jacqui Poe, Jane Does I–V, and John Does VI–X. (*Id.* at 2). The sole remaining defendant is the Department. (*Id.* at 3).

In their Second Amended Complaint, Plaintiffs collectively plead three counts: negligence (Count 1), negligent infliction of emotional distress (Count 2), and malicious prosecution (Count 3). (Doc. 100 at 9–12.) Plaintiffs allege that Defendants' actions "caused immense emotional trauma and damages upon the Anderson family[.]" (*Id.* at 13).

The Department asserted 15 affirmative defenses. (Doc. 61 at 9–11).

## II.   Legal Standards

### A.   Standard of Review

The parties are entitled to a de novo review of those findings to which they have "properly objected." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations to which the party did not specifically object. *See McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *McMillan v. United States*, 112 F.3d 1040, 1044 (9th Cir. 1997) (internal citation omitted).

A party makes proper objection if it "identif[ies] the parts of the magistrate's disposition that the party finds objectionable and present[s] legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Mont. Shooting Sports Ass'n v. Holder*, CV 09-147-M, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010). "It is not sufficient for the objecting party to merely restate arguments made before the magistrate or to incorporate those arguments by reference." *Id.* The Court may accept, reject, or modify, in whole or in part, those findings and recommendations to which a proper objection was made. 28 U.S.C. § 636(b)(1).

B. *Summary Judgment Standard*

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the non-moving party's claim, or to a defense on which the non-moving party will bear the burden of persuasion at trial." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 402 F. Supp. 3d 615, 641 (N.D. Cal. 2019) (citing *Celotex*, 477 U.S. at 323).

The party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets its burden, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). When making its determinations, the Court must view all inferences drawn from the underlying facts in the light most favorable to the non-moving party. *See id.* at 587.

## III. Analysis

The Department makes a single objection: that Judge Cavan erred in finding that the Department did not have immunity under Montana Code Annotated § 41-3-

6

203(1). (Doc. 156 at 2). Plaintiffs make three objections: Cavan incorrectly determined (1) quasi-judicial immunity is applicable to shield the Department from liability; (2) Makayla was contributorily negligent; and (3) Plaintiffs motion should be denied as to fault and causation. (Doc. 157 at 4). The Court will address each argument in turn.

### A.  The Department's Objection

The Department objects solely to preserve its appeal. (Doc. 156 at 2). It concedes that it repeats the arguments presented to Judge Cavan on summary judgment. (Doc. 156 at 2).

Because the Department made no effort to explain why it disagrees with Judge Cavan's Finding and Recommendation, its objection is not proper. Thus, Judge Cavan's Findings and Recommendations are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court does not find that Judge Cavan committed clear error and holds that summary judgment should be denied as to the Department's claim of immunity under § 41-3-203(1).

Even if the Department's objection were proper, in an opinion issued shortly after Judge Cavan filed his Findings and Recommendations, the Montana Supreme Court spoke to this issue and affirmed what Judge Cavan concluded. *See S.W., a Minor, by and Through Her Guardian Jeffrey Ferguson v. Montana*, ___ P.3d __ ,

2024 WL 1171916 (Mont. Mar. 19, 2024). In that opinion, the court rejected the State's argument that § 41-3-203(1) extends immunity to governmental entities. *Id.* at \*3–4. The court explained that the plain language of § 41-3-203(1) only provides statutory immunity to individual persons, not political or institutional entities. *Id.* at \*4. In doing so, the court reaffirmed its holding in *Newville v. Department of Family Services*, the case relied upon by Judge Cavan. *See* 883 P.2d 793 (Mont. 1994).

B.    *Plaintiffs' Objections*

Plaintiffs object to Judge Cavan's Findings and Recommendations on their motions for partial summary judgment on the Department's affirmative defenses (Doc. 106) and fault and causation (Doc. 109). (Doc. 157 at 4, 9). The Court overrules these objections.

i.    *Partial Summary Judgment on Affirmative Defenses (Doc. 106)*

As to Plaintiff's motion for partial summary judgment on the Department's Eighth Affirmative Defense—quasi-judicial immunity—Judge Cavan found that Plaintiffs failed to establish that all of the Department's acts and omissions Plaintiffs complained of were ministerial in nature, so summary judgment on quasi-judicial immunity was improper. (Doc. 155 at 38). He explained that quasi-judicial immunity applies when the government function at issue is quasi-judicial (discretionary), rather than administrative or ministerial (non-discretionary). (*Id.* at 34). Using the Montana Supreme Court's analysis in *Newville*, Judge Cavan looked

8

to a relevant statute, found that its language provided Department employees discretion in deciding whether the Department should remove a child, and concluded that quasi-judicial immunity might apply to at least some of the Department's actions. (*Id.* at 35–37 (citing 883 P.2d at 811–12)). Accordingly, he denied Plaintiffs' motion for summary judgment as to quasi-judicial immunity. (*Id.* at 38).

Plaintiffs object to this finding. (Doc. 157 at 5). They generally assert that the Department "was strictly bound by statute" in all their actions and, thus, their actions were "investigative, administrative, and ministerial," and not quasi-judicial. (Doc. 157 at 7–8). As such, the Department is not entitled to quasi-judicial immunity under Montana Code Annotated § 2-15-102(10). (*Id.* at 5–8).

In support, Plaintiffs summarize their argument—"all actions undertaken by [the Department] are governed by statute and provide that the safety of the child takes precedent over all other decisions"—and then restate (and often duplicate) their previous argument for summary judgment. *Compare* (Doc. 157 at 5–8) *with* (Doc. 107 at 13–15). Accordingly, the Court finds this objection improper and reviews the Findings and Recommendations for clear error. *See Mont. Shooting Sports Ass'n*, 2010 WL 4102940, at *2 ("It is not sufficient for the objecting party to merely restate arguments made before the magistrate or to incorporate those arguments by reference.").

9

Reviewing for clear error, the Court does not find Judge Cavan committed clear error as to quasi-judicial immunity.

Judge Cavan next found that Plaintiffs did not "sustain their burden o[f] production" to justify granting summary judgment on the Department's Fourteenth Affirmative Defense—that Makayla was contributorily negligent. (*Id.* at 43–44). He explained that the only relevant fact in Plaintiffs' Statement of Undisputed Facts was that "CFSD became involved again on or about January 1, 2016, when CFSD received a report that Makayla disclosed M.A. had tried sexually assaulting her." (*Id.* at 43). Judge Cavan found that the "Court cannot simply speculate on the facts and circumstances surrounding [Makayla's] claim" and denied Plaintiffs' motion. (*Id.*).

Plaintiffs make three arguments in their objection. First, Plaintiffs assert that the Department owed the same duties to Makayla as it did to L.A. (Doc. 157 at 8). They seem to reason that, as Judge Cavan granted summary judgment as to L.A., he should also have granted summary judgment as to Makayla. (*Id.*). Second, they argue that the record "unequivocally reflects" that Makayla's claims arise from M.A. sexually assaulting her under the Department's watch and from the Department's "leaving her in an abusive, neglectful, and dysfunctional household where she was forced to helplessly stand by while her siblings were sexually assaulted." (*Id.* at 8– 9). Finally, they assert that the State does not have an expert to apportion fault to

10

Makayla and has not presented any evidence that Makayla contributed to being abused, effectively arguing that the Department cannot meet its burden of proof. (*Id.* at 9).

As to Plaintiffs' argument that Judge Cavan erred in not granting summary judgment as to Makayla when he granted summary judgment as to L.A, the Court finds that Plaintiffs overstate Judge Cavan's findings as to L.A. and err in the comparison. As Judge Cavan explained, the Department conceded that it only asserted contributory negligence as to Makayla. (Doc. 155 at 43). With summary judgment as to L.A. unopposed, Judge Cavan summarily granted summary judgment as to L.A., and only analyzed the Department's affirmative defense as to Makayla. (*Id.* at 42–44). Accordingly, the Court is unpersuaded by this argument.

The Court is likewise unpersuaded by Plaintiff's second argument. Plaintiffs have failed to bear their burden of showing the absence of a genuine issue of material fact as to the Department's contributory negligence defense. As Judge Cavan explained, the only relevant statement in Plaintiff's Statement of Undisputed Facts is that the Department "became involved again on or about January 1, 2016, when CFSD received a report that Makayla disclosed M.A. had tried sexually assaulting her." (*Id.* at 43 (quoting Doc. 108 at 10)). In their objection, Plaintiffs do not point the Court to any relevant additional undisputed facts, and, finding none in its own search of the record, the Court presumes there are none. Like Judge Cavan, the

11

Court finds this single fact insufficient to bear Plaintiffs' burden. *See Planned Parenthood Fed'n of Am., Inc.*, 402 F. Supp. 3d at 641.

Finally, the Court finds that Plaintiffs' argument that the Department cannot meet its burden of proof to be an improper objection. Plaintiffs do not argue that Judge Cavan erred. Rather, in their objection, they make a new argument for summary judgment that was available to them in briefing before Judge Cavan. Such an argument is improper, and the Court will review Judge Cavan's Findings and Recommendations as to the Department's Fourteenth Affirmative Defense for clear error.

On review of the Findings and Recommendations, the Court finds that Judge Cavan did not commit clear error.

Accordingly, the Court adopts Judge Cavan's Findings and Recommendations (Doc. 155) in full as to Plaintiffs' Motion for Partial Summary Judgment (Affirmative Defenses) (Doc. 106).

      *ii.*    *Partial Summary Judgment on Fault and Causation (Doc. 109).*

Judge Cavan recommended the Court deny Plaintiffs' motion for partial summary judgment on fault and causation (Doc. 109). (Doc. 155 at 50). As to Plaintiffs' argument that the Department was required to name Kari as a third-party defendant to assert that she was contributorily negligent, he found that, as Kari is a party to this action, under § 27-1-703(4), the trier of fact may consider her conduct

in determining the percentage of negligence attributable to each party. (Doc. 155 at 47). To Plaintiffs argument that any superseding intervening cause alleged by the Department occurred contemporaneously with the Department's own negligence, and, thus, could not constitute a superseding intervening cause, he found that the undisputed facts do not preclude a jury finding that the Department's negligence did not occur contemporaneously with any intervening cause. (*Id.* at 48–49). Judge Cavan found that it fell to the jury "to determine who was negligent, when that negligence occurred, and whether it was the cause of another party's injury." (*Id.* at 49). Finally, he found that the Department sufficiently pled its Ninth Affirmative Defense and, thus, gave Plaintiffs fair notice. (*Id.* at 49).

Plaintiffs argue that the Court should grant its motion for partial summary judgment on fault and causation for three reasons: (1) the Department cannot blame any person or entity who it did not join as a third party; (2) the Department "cannot use causation as a Trojan horse to inject third party fault to the trial, because the injuries sustained by Makayla and L.A. were foreseeable;" and (3) the Department "cannot shirk its duties by blaming parents." (Doc. 157 at 9–18). Plaintiffs do not identify a specific objection to Judge Cavan's Findings and Recommendations; rather, they repackage or repeat—often word-for-word—their arguments from their motion for partial summary judgment. *Compare* (Doc. 157 at 10–18) *with* (Doc.

110 at 7–18).   Accordingly, the Court finds Plaintiffs' objections improper and reviews Judge Cavan's Findings and Recommendations for clear error.

After reviewing the Findings and Recommendations, the Court does not find Judge Cavan committed clear error as to Plaintiff's motion for partial summary judgment regarding fault and causation.

## III.   Conclusion

Accordingly, IT IS ORDERED that United States Magistrate Judge Timothy Cavan's Findings and Recommendations (Doc. 155) are ADOPTED IN FULL.

IT IS FURTHER ORDERED:

(1)   The Department's Motion for Summary Judgment (Doc. 117) is GRANTED as to Kari's claims for negligence and negligent infliction of emotional distress, and DENIED in all other respects;

(2)   Plaintiff's Motion for Partial Summary Judgment Re: Affirmative Defenses (Doc. 106) is GRANTED as to the Department's Second, Third, Fourth, Fifth, Sixth, and Seventh Affirmative Defenses; the Department's First Affirmative Defense as to Makayla's and L.A.'s claims; the Department's Fourteenth Affirmative Defense as to L.A.; and the question of a legal duty owed by the Department as to Makayla and L.A. and DENIED in all other respects; and

//

(3)     Plaintiff's Motion for Partial Summary Judgment Re: Fault and

Causation (Doc. 109) is DENIED.

DATED this 26th day of March, 2024.

Susan P. Watters

SUSAN P. WATTERS
United States District Judge