IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MAKAYLA ANDERSON, and L.A., a minor child, by and through her Conservator William Hunt, JR., <br><br> Plaintiff, <br><br> vs. <br><br> MONTANA DEPARTMENT OF PUBLIC HEALTH AND HUMAN SERVICES, et al., <br><br> Defendants. | CV 20-77-BLG-SPW <br><br> ORDER ON MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT |

Pending before the Court is the State's Motion for Leave to File a Third-Party Complaint. (Doc. 170). The motions are fully briefed and ripe for the Court's review. (*See* Doc. 171, 172, 175).

Having considered the parties' briefing and for the following reasons, the Court grants the State's motion.

I.  **Factual Background**

The facts of this case have been discussed at length in Judge Cavan's Findings and Recommendations (Doc. 155), and do not need to be reiterated in full here. In short, the case centers around the Anderson family and the abuse their children suffered because of the actions of the Child and Family Services Division ("CFSD")

1

of the Montana Department of Public Health and Human Services ("MDPHHS"), and Kari Anderson, the mother of the Plaintiffs. The current Plaintiffs in this case are Makayla Anderson and L.A. (Doc. 171 at 2–4). Kari Anderson, the mother of Makayla and L.A., was a plaintiff until April 15, 2024. (Doc. 165).

In May 2022, the State specifically contended that Kari was responsible for some or all of the Plaintiffs' injuries and damages. (Doc. 61 at 10). Plaintiffs moved for partial summary judgment on May 5, 2023. (Doc. 109). Plaintiffs argued that pursuant to Montana Code Annotated § 27-1-103, the State was required to name Kari as a third-party defendant to raise the issue of whether Kari's conduct was a cause of Makayla or L.A.'s injuries. (Doc. 110 at 7). The State responded that Kari was always a party to the lawsuit, and therefore a claim that Kari caused damages to other plaintiffs was appropriate. (Doc. 133 at 5). Further, that Kari did not need to be added as a third-party defendant because she was one of the three plaintiffs who initiated the action. (*Id.*). There was oral argument on this issue on January 5, 2024. (Doc. 171 at 3).

Judge Cavan issued his Findings and Recommendations on Plaintiffs' Motion for Partial Summary Judgment and sided with the State on this issue. (Doc. 155 at 46). The court found that Kari is a plaintiff in the action and therefore, a "claimant." (*Id.* at 46-47). For purposes of apportionment pursuant to § 27-1-103(4), a claimant may be considered by the trier of fact. (*Id*).

This Court adopted Judge Cavan's Findings and Recommendation in full on March 26, 2024. (Doc. 161). On March 28, 2024, Plaintiffs filed a Motion to Dismiss Claims of Plaintiff Kari Anderson. (Doc. 163). This Court issued an order dismissing Kari as a plaintiff on April 15, 2024. (Doc. 165). The State now seeks leave to file a Third-Party Complaint against Kari. (Doc. 171).

## II.   Legal Standard

### A.   Rule 14(a)

Federal Rule of Civil Procedure 14(a) provides that a defending party may implead a third party "who is or may be liable to him for all or part of the plaintiff's claim against him." *Sw. Admin., Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986); Fed. R. Civ. P. 14(a). "The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Id.*

### B.   Rule 15(a)

Federal Rule of Civil Procedure 15(a) provides that a party may amend their complaint once "as a matter of course" before a responsive pleading is served; after that the "party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987); Fed. R. Civ. P.

15(a). "After a brief period in which a party may amend as of right," leave to amend lies "within the sound discretion of the trial court." *Id.*; *see United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981). Generally, Rule 15 advises the court that "leave shall be freely given when justice so requires." This policy is "to be applied with extreme liberality. *Eminence Cap., LLC v. Aspeon Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990)).

Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir. 1973); *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). Not all the factors merit equal weight. As the Ninth Circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight. *Eminence Cap.,* 316 F.3d at 1052; *DCD Programs*, 833 F.2d at 185. Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Id.*

### III. Analysis

In their response to the State's Motion for Leave to File a Third-Party Complaint, Plaintiffs make three arguments. First, under Rule 15(a), the State should not be permitted to amend its pleading and add Kari as a third-party

4

defendant. (Doc. 172 at 4). Second, allowing the State to apportion blame to Kari will eviscerate the policy behind Montana's Child Abuse and Neglect Statutes. (*Id.* at 8). Last, if the Court grants the State's motion for Leave to File a Third-Party Complaint, it should order a separate trial for the third-party claim. (*Id.* at 10). The State responded to each of these arguments in their reply brief. (Doc. 175). The Court will address each of these arguments in turn.

### A. Amendment to Add Kari as a Third Party

Under Rule 14(a) a defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. Fed. R. Civ. P. 14(a). Rule 15(a) provides that a party may amend their complaint once "as a matter of course" before a responsive pleading is served; after that the "party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires." *DCD Programs,* 833 F.2d at 185; Fed. R. Civ. P. 15(a). Courts can deny a motion for leave to amend for various reasons including "undue delay, bad faith or dilatory motive, undue prejudice to the opposing party or futility of amendment." *Rocky Mountain Biologicals, Inc. v. Microbix Biosystems, Inc.,* 986 F. Supp. 2d 1187, 1204 (D. MT 2013).

The State argues that all four factors considered under Rule 15(a) weigh in favor of them. (Doc. 171 at 7). Plaintiffs contend that the State's motion should be

5

denied because it would result in substantial prejudice to L.A. and Makayla and cause undue delay in the proceedings. (Doc. 172 at 4). Plaintiffs do not argue that the amendment is being made in bad faith or is futile. (*Id.*). The Court finds that the amendment was neither made in bad faith nor futile.[1] Therefore, this Court will consider whether the amendment should be denied for undue delay or prejudice to the opposing party.

### 1. *Undue Delay*

In deciding whether to grant leave to amend a complaint, a district court may consider the factor of undue delay. *Bowles v. Reade*, 198 F.3d 752, 758-59 (9th Cir. 1999); Fed. R. Civ. P. 15(a). The State asserts that no undue delay will occur "because Kari has always been involved in this litigation and she and the remaining plaintiffs have always known that the State contends that her conduct was a defense against her claims and those of her daughters." (Doc. 171 at 12). In addition, the State asserts that no delay will occur because trial is currently set for June 16, 2025, and the next relevant deadline is the motions in limine deadline on March 1, 2025. (*Id.* at 12-13). The Plaintiffs disagree, arguing that undue delay will result for two reasons. First, Kari will require additional time to conduct

---

[1] When considering the issue of contributory negligence in his Findings and Recommendations, Judge Cavan stated that, "Plaintiffs have not established the absence of any issue of material fact that Kari or Mike's conduct was foreseeable such that it could not constitute a superseding intervening cause." (Doc. 155 at 48).

6

discovery and determine the sufficiency of the claims against her. (Doc. 172 at 6-7). Second, L.A. and Makayla will be forced to address new claims that were untimely asserted in this litigation and will be required to participate in additional discovery. (*Id.* at 7).

This Court does not find Plaintiffs' arguments convincing. As the State asserts in their brief, Kari and the current Plaintiffs in this case have known since May 2022 that the State intended to bring a contributory negligence defense against Kari. (Doc. 66). Further, the fact discovery deadline was not until November 30, 2022. (Doc. 88). Kari was aware for at least six months before the close of discovery that the State would raise this defense. Before being dismissed as a plaintiff, Kari had ample time to conduct discovery relevant to this issue and should not be facing any undue delay for a trial set for June 2025.

Likewise, Makayla and L.A. have been on notice since May 2022 that the State intended to use this defense at trial. By the time of trial in June 2025, Makayla and L.A. will have had more than three years to prepare to address these claims. This Court finds that adding Kari as a third-party defendant will not result in undue delay for either Kari or the Plaintiffs.

2.   *Prejudice to the Opposing Party*

Prejudice is the "touchstone of the inquiry under Rule 15(a)". *Eminence Cap.*, 316 F.3d at 1052. When assessing a motion to amend, "[i]t is the consideration of

prejudice to the opposing party that carries the greatest weight." *Rocky Mountain Biologicals,* 986 F. Supp at 1204.

The State argues that no prejudice will result from adding Kari as a third-party defendant because Kari has been on notice that the State would be using a contributory negligence defense since the "State entered its appearance and filed an Answer in the case." (Doc. 171 at 12). In their response, Plaintiffs note that the State focuses on the wrong individual. As Kari is no longer a party in this action, the prejudice inquiry should focus on the remaining plaintiffs, L.A. and Makayla. (Doc. 172 at 5). Plaintiffs assert adding Kari as a third-party defendant will allow the State to shift the blame to an individual "who had no opportunity to defend herself and is essentially a non-party to the lawsuit." (*Id.* at 6). Plaintiffs conclude that this is an attempt by the State to utilize an empty chair defense, which is prohibited under Montana law. (*Id.* at 5-6). In their reply, the State argued that L.A. and Makayla will not be prejudiced because their suit has always been subject to the defense that Kari's conduct caused their damages, and re-adding her as a third party puts the case back into the same posture it was in before Kari was dismissed as a plaintiff. (Doc. 175 at 12). The State did not respond to the empty-chair argument. (*Id.* at 2-6).

This Court finds that the Plaintiffs will not suffer undue prejudice from adding Kari as a third-party defendant. Plaintiffs have been aware since February 2024, via

8

Judge Cavan's order on partial summary judgment, that fault could be apportioned to Kari at trial and have known since May 2022, that the State intended to apportion blame to Kari at trial. (Doc. 155 at 48). Kari was a named plaintiff at the onset of trial, has been deposed, participated in discovery, and has been involved in every stage of the litigation until her dismissal as a plaintiff on April 15, 2024. The Court agrees with the State's contention that removing Kari as a plaintiff is an attempt by the Plaintiffs to avoid application of the court order, and the only party potentially prejudiced is the State if they are not permitted to name Kari as a third-party defendant.

Further, this Court finds that the State is not utilizing an empty-chair defense because they are adding Kari pursuant to Rule 14(a). Empty-chair defenses attempt to attribute fault to an unnamed third party. *Teague v. Remington Arms Co., LLC*, 2022 WL 16574241 (D. Mont. Nov. 1, 2022). Such defenses are prohibited under Montana law. *Id.*; *Plumb v. Fourth Jud. Dist. Court*, 927 P.2d 1011 (1996). The empty-chair defense is not permitted because Montana's rules of third-party practice already provide how contribution may be sought from those who have been unnamed but may have contributed to the plaintiff's injuries and damages. *Plumb*, 927 P.2d at 1020. Rule 14(a) provides that a defendant may join, as a third-party defendant, anyone who may be responsible for any part of the plaintiff's claim. *Id.* A person joined via Rule 14(a), is allowed to participate in discovery, cross-examine those

witnesses who blame them, and present evidence on their own behalf. *Id.* The traditional notions of fairness compel these opportunities, and any apportionment of liability to the third party is more likely to bear some relationship to reality. *Id.*

Here, the State is not using an empty-chair defense because they are adding Kari as a third-party defendant via Rule 14(a). As a third-party defendant, Kari will be allowed to participate in discovery, cross-examine witnesses, and present evidence on her behalf. Additionally, since Kari was a named plaintiff until April 15th, 2024, and discovery concluded in November 2022, she has already fully participated in discovery.

Accordingly, this Court finds that the State should be permitted to add Kari as a third-party defendant under Rule 14(a) and Rule 15(a).

### B. *Montana's Child Abuse and Neglect Statutes*

Next, Plaintiffs argue that allowing Kari to be added as a third-party defendant will eviscerate the purpose of the Montana Child Abuse and Neglect Statutes. (Doc. 172 at 8). Plaintiffs contend that under Montana Code Annotated § 41-3-101(a), the State of Montana had a duty to protect the Anderson children from their negligent parents, and allowing the State to shirk this duty by claiming Kari was negligent is a logical fallacy that would render the statute meaningless. (*Id.* at 8–9). The State replied that Plaintiffs' point is moot and inaccurate because Kari put her conduct at

issue in this litigation when she named herself as a party and brought claims against the State. (Doc. 175 at 6).

Under § 41-3-101(a), it is the State of Montana's policy to protect children whose health and welfare are or may be adversely affected and further threatened by the conduct of those responsible for the children's care and protection. Plaintiffs do not cite any cases or provide any legal authority that indicates this statute means only the State can be held negligent when harm comes to individuals subject to their oversight. Further, it is unclear to this Court why allowing Kari to be added as a third-party defendant would render this statute "meaningless." Without more, this point does little to advance the Court's analysis of the pertinent issues.

C.   *Separate Trials*

Alternatively, Plaintiffs request separate trials for L.A. and Makayla, and Kari if this Court finds Kari should be added as a third-party defendant. (Doc. 172). Under Federal Rule of Civil Procedure 42(b), the court may order a separate trial for third-party claims, for convenience, to avoid prejudice, or to expedite and economize. Fed. R. Civ. P. 42. Bifurcation is the exception rather than the rule of normal trial procedure; Rule 42(b) allows, but does not require, bifurcation to further convenience or avoid prejudice. *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). The moving party has the "burden of proving that the bifurcation will promote judicial economy and avoid inconvenience

11

or prejudice to the parties." *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992); *Burton v. Mountain W. Farm Bureau Mut. Ins. Co.*, 214 F.R.D. 598, 612 (D. Mont. 2003). Factors that courts consider in determining whether bifurcation is appropriate include: (1) whether the issues are significantly different from one another; (2) whether the issues are to be tried before a jury or to the court; (3) whether the posture of discovery on the issues favors a single trial or bifurcation; (4) whether the documentary and testimonial evidence on the issues overlap; and (5) whether the party opposing bifurcation will be prejudiced if it is granted. *Clark v. I.R.S.*, 772 F. Supp. 2d 1265, 1269 (D. Haw. 2009). "Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case." *Drennan v. Md. Cas. Co.*, 366 F.Supp.2d 1002, 1007 (D. Nev. 2005). Bifurcation is inappropriate where the issues are so intertwined that separating them would "tend to create confusion and uncertainty." *See Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 511 (9th Cir.1989) (citation and quotation marks omitted).

Plaintiffs contend that if this Court permits Kari to be added as a third-party defendant, it would be appropriate for this Court to order two separate trials. One for L.A. and Makayla's claim against the State, and another for the State's claims for contribution and indemnification from Kari. (Doc. 172 at 11). Plaintiffs argue that bifurcation would help (1) simplify the issues that will be presented to the jury and

(2) lessen the prejudice to L.A. and Makayla because their claims could be tried per the current Scheduling Order. (*Id.* at 11-12). In their reply, the State argues that all Rule 42(b) factors favor a single trial. (Doc. 175 at 7–8). Further, the State argues that because all the claims arise from the same set of facts, there must be only one trial. (*Id.* at 9).

Bifurcation is inappropriate where the issues are so intertwined that separating them would "tend to create confusion and uncertainty." *See Miller*, 885 F.2d at 511 (citation and quotation marks omitted). This Court finds it unnecessary to analyze the Rule 42(b) factors because the issues are so intertwined that bifurcation would be inappropriate. Plaintiffs allege that the State caused them harm by failing to protect them from their stepbrother, M.A., after Kari Anderson discovered a "rape key" written by M.A. and made CFSD aware of the "rape key." (Doc. 100 at 4–6). The State seeks to apportion some or all the blame to Kari because she failed to protect Plaintiffs from M.A. after discovering the "rape key." (Doc. 171 at 3). These two claims are inextricably linked and arise from the same set of facts.

On approximately April 22, 2015, Kari provided Jacqui Poe, a child protection specialist employed by CFSD, with journal entries allegedly written by M.A. that included a handwritten guide on how to rape, chain up, and kill women or girls (the "rape key"). (Doc. 108 at 6-7; Doc. 129 at 5–6). Poe did not show the "rape key" to her supervisor or report it to CFSD's centralized intake. (*Id.* at 7). After

13

discovering the rape key, Kari and her husband, Mike, agreed to separate Makayla and L.A. from M.A. (*Id.* at 8; Doc. 129 at 6). In May 2015, Kari left the home and took L.A. with her. (Doc. 129 at 19–20). However, in June 2015, Kari allowed M.A. to spend the night at her residence. (*Id.*). During M.A.'s stay, L.A. was found in M.A.'s room in the middle of the night. (Doc. 108 at 8–9). In July 2015, L.A.'s counselor made a report to CFSD's Centralized Intake that L.A. had disclosed being sexually abused by M.A. (*Id.* at 9). In August 2015, CFSD closed the voluntary services for the Anderson family. (*Id.* at 10). Then, less than five months later, on approximately January 1, 2016, CFSD received a report from Makayla that M.A. attempted to sexually assault her while visiting Kari's home. (*Id.*; Doc. 100 at 20).

Here, Plaintiffs' claim that the State caused them harm by failing to protect them from M.A is inextricably linked to the State's argument that Kari allowing M.A. to stay at her residence without the permission of CFSD was a superseding cause that cut off the department's liability. Both these claims arise from the same set of facts discussed above. As the State notes in their reply brief, ordering separate trials would require all relevant witnesses to testify twice, as well as the introduction of duplicative testimony and duplicative evidence. Ordering separate trials would not be in the interest of judicial economy and would only serve to create confusion and uncertainty.

Accordingly, this Court finds that separate trials should not be ordered on the issues of the State's negligence and Kari Anderson's contributory negligence under Rule 42(b).

### D. Conclusion

IT IS SO ORDERED that THE STATE's Motion for Leave to File a Third-Party Complaint (Doc. 170) is GRANTED and PLAINTIFFS' request for separate trials (Doc. 172) is DENIED.

DATED this 2nd day of October, 2024.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge